## SUPREME COURT.

HARRIET W. HOTCHKISS, appellant agt. LEVI A. BANKS, respondent.

Where the *notice of appeal* from a justice's judgment stated, as the only specification contained in it, that the "judgment is excessive, and should not have exceeded $10 in any event," *held, insufficient* to entitle the appellant to costs on reduction of the justice's judgment in the county court.

*Eighth District General Term, September,* 1868.

*Before* DAVIS, DANIELS, MARVIN *and* BARKER, *Justices.*

THE plaintiff in this cause recovered a judgment against the defendant, in the court of a justice of the peace, for the sum of $96.30. The defendant appealed from the judgment to the county court of Erie county; and upon the trial had in that court the judgment was reduced to the sum of $18, costs adjusted by the clerk in favor of the plaintiff. The defendant appealed from that adjustment to the county court, and that court reversed the adjustment made of the costs by the clerk, and directed costs to be adjusted in favor of the defendant. From the order making that direction the plaintiff appealed to this court.

N. A. HALBERT, *for appellant.*

E. C. ROBBINS, *for respondent.*

*By the court,* DANIELS, J. Costs depends upon whether his notice of appeal to the county court sufficiently specifies the particular or particulars in which the judgment should have been more favorable to him than it was as the justice rendered it. On this subject, the only specification contained in the notice was that the "judgment is excessive, and should not have exceeded $10 in any event." There is nothing contained in this specification indicating that the appellant was willing that the judgment should be reduced to that amount and stand as a judgment against him for that

sum.    The cases of *Reed* agt. *Moore* (31 *Howard*, 264) and *Smith* agt. *Hinds* (30 *How.* 187) are clearly distinguishable from the present one in that respect.    In each of them a certain sum was specified as the amount for which the judgment should have been recovered.    And the rule requiring that to be done was adopted as the correct construction of the statute in the case of *Forsyth* agt. *Ferguson* (27 *Howard*, 67).    The same rule of construction was applied to the section of the Code providing the practice for the government of notices of appeal in these cases, in *Gray* agt. *Hannah* (30 *How.* 155), where it was *held*, that the specification that the judgment should not have been for a sum exceeding $35, with costs, was not sufficient to entitle the appellant to costs.

And this authority was followed in the unreported case of *Baker* agt. *Latta*, decided at the September term of this court, in 1866, where the specification was that "the damages found by the justice are excessive, and that said judgment should have been more favorable to the defendant in this, that it should have been for not more than five dollars damages, besides costs."    Which this court held was not sufficiently specific, for the reasons already mentioned, to entitle the appellant to costs.

The same defect exists in the present case.    It is a new assertion that the judgment was excessive, and should not have exceeded $10 in any event, without specifying that the judgment should be made more favorable the appellant by being reduced to that amount.    The notice in this respect was not a compliance with the requirement of the law; and the appellant, for that reason, was not entitled to costs.

The order of the county court should be reversed, and an order directed affirming the adjustment of the costs previously made by the clerk.